470 P.2d 113

**John Keith MILAM, Petitioner,**

v.

**INDUSTRIAL COMMISSION of Arizona, Respondent,**

**Wellton-Mohawk Irrigation and Drainage District, Respondent Employer,**

**State Compensation Fund, Respondent Carrier.**

No. 1 CA–IC 395.

Court of Appeals of Arizona,
Division 1,
Department B.

June 9, 1970.

Rehearing Denied Aug. 5, 1970.
Review Denied Oct. 13, 1970.

Charles M. Brewer, and James D. Lester, Phoenix, for petitioner.

Donald L. Cross, Chief Counsel, Phoenix, for respondent Industrial Commission of Arizona.

Robert K. Park, Chief Counsel, Phoenix, by Arthur B. Parsons, Phoenix, for respondent carrier State Compensation Fund.

JACOBSON, Judge.

The only issue raised by this review of a decision of the Industrial Commission is whether multiple injuries received in one industrial-related accident are to be treated as scheduled or unscheduled injuries.

Petitioner sustained industrial injuries on October 15, 1966. These injuries consisted of a fifteen percent loss of function of the right leg, total loss of vision of the right eye and the loss of four teeth. All of these injuries were sustained as the result of one work-connected accident.

Upon a hearing, the Industrial Commission found that petitioner, following his release to work after the accident, earned wages equal to and in excess of his average

monthly wage prior to his accident. The Commission further determined that petitioner's injuries were unscheduled, that is, were compensable under the provisions of A.R.S. § 23–1044, subsec. C (1956), and since he had suffered no loss of wages denied compensation except for the loss of teeth (facial disfigurement).

Petitioner relies solely on the holding of the Supreme Court in Allen v. Industrial Commission, 87 Ariz. 56, 347 P.2d 710 (1959), to sustain his position that he is entitled to compensation for scheduled injuries under A.R.S. § 23–1044, subsec. B (1956). We do not believe the *Allen* case supports petitioner's position. While a portion of that opinion discusses the effects of possible inequities arising from treating the injured workman's injuries as unscheduled rather than scheduled, the turning point of the decision rests on the failure of the Industrial Commission to determine the petitioner's reduction in earning capacity following his injury. Such a determination of earning capacity is only necessary if the injuries are to be treated as unscheduled.

■ Our reading of the Arizona Supreme Court's decisions in this area leads us to only one conclusion, that is, that where multiple scheduled injuries are received in one industrially-related accident, compensation for injuries must be based upon a finding of a reduction in earning capacity, that is, under the provisions of A.R.S. § 23–1044, subsec. C (1956). See Engle v. Industrial Commission, 77 Ariz. 202, 269 P.2d 604 (1954); Williams v. Industrial Commission, 73 Ariz. 57, 237 P.2d 471 (1951); Ossic v. Verde Central Mines, 46 Ariz. 176, 49 P.2d 396 (1935); Ujevich v. Inspiration Consolidated Copper Company, 42 Ariz. 276, 25 P. 2d 273 (1933).

■ A similar result is reached where tandem injuries occur, that is, a prior disabling condition followed by a compensable injury. Meador v. Industrial Commission, 2 Ariz.App. 382, 409 P.2d 302 (1966); Cf. Jaynes v. Industrial Commission, 7 Ariz. App. 78, 436 P.2d 172 (1968).

■ Nor does the fact that the Commission allowed compensation for facial disfigurement, in our opinion, change the result reached herein. Under the provisions of A.R.S. § 23–1044, subsec. B, par. 22 (1956), the Commission is allowed discretion in determining the amount of compensation for this type of injury which is neither scheduled nor unscheduled.

■ Petitioner argues that in the event the Commission was correct in its determination that petitioner's injuries were to be compensated on the basis of unscheduled injuries, the Commission incorrectly determined that petitioner suffered no reduction of income following his injury. This argument is based on a loss of possible employment with the United States Bureau of Reclamation because of his injury.

The testimony at the hearing before the Industrial Commission indicates that a position with the Bureau of Reclamation, comparable to that held by the petitioner, paid comparable wages to that being received by petitioner by reason of his employment with Wellton-Mohawk Irrigation & Drainage District. While employment with the Bureau could possibly result in successive promotions to the point that petitioner could someday earn $25,000.00 a year, there was no evidence presented showing that petitioner could with any reasonable certainty be entitled to these promotional possibilities. In such a case the Commission could, in its discretion, disregard this evidence.

Award affirmed.

EUBANK, P. J., and HAIRE, J., concur.