594 P.2d 552

**Edward S. MORENO, Petitioner,**

v.

**The INDUSTRIAL COMMISSION of Arizona, Respondent,**

**City of Tucson, Respondent Employer,**

**State Compensation Fund, Respondent Carrier.**

**No. 1 CA–IC 2036.**

Court of Appeals of Arizona,
Division 1,
Department C.

April 24, 1979.

Davis & Eppstein, P. C. by Philip Hall, Tucson, for petitioner.

John H. Budd, Jr., Chief Counsel, The Industrial Commission of Arizona, Phoenix, for respondent.

Robert K. Park, Chief Counsel, State Compensation Fund by George B. Morse, Tucson, for respondents Employer and Carrier.

## OPINION

FROEB, Judge.

Must an industrial injury which causes facial disfigurement result in an unscheduled award when the workman has previously sustained a scheduled industrial injury? We determine that the answer is yes.

A chainsaw jackknifed into the face of petitioner, Edward S. Moreno, severely cutting his cheek. His workman's compensation claim was accepted for benefits and his injury was determined a permanent disability. The Industrial Commission's award was for facial disfigurement, a scheduled injury. Petitioner requested a hearing alleging that the facial injury should be treated as unscheduled. The hearing officer considered testimony by petitioner and medical reports, as well as documents relating to a prior scheduled industrial injury. The hearing officer's award was for facial disfigurement, a scheduled disability.

Petitioner raises two challenges to the award. First, he argues that his chainsaw injury caused functional impairment to his cheek muscles as well as facial disfigurement. Second, he urges that, even if he failed to prove functional impairment to his cheek muscles, the award for the facial disfigurement should have been unscheduled because he had previously suffered an industrial accident which resulted in a scheduled award.

In his first argument petitioner contends that, since the chainsaw accident resulted in a functional impairment as well as facial disfigurement, the injury is not enumerated in A.R.S. § 23–1044 B(22), and is, therefore, an unscheduled injury.

A.R.S. § 23–1044 B(22) provides:

B. Disability shall be deemed permanent partial disability if caused by any of the following specified injuries, and compensation of fifty-five per cent of the average monthly wage of the injured employee, in addition to the compensation for temporary total disability, shall be paid for the period given in the following schedule:

\*      \*      \*      \*      \*      \*

22. For permanent disfigurement about the head or face, which shall include injury to or loss of teeth, the commission may, in accordance with the provisions of § 23–1047, allow such sum for compensation thereof as it deems just, in accordance with the proof submitted, for a period not to exceed eighteen months.

■ As is pointed out by petitioner, an injury which results in functional impairment other than disfigurement or loss of teeth does not fall within the plain language of paragraph 22. To disfigure is to mar the appearance of an object. In our view, paragraph 22 is designed to compensate individuals who suffer facial marring as a result of an industrial accident.

■ Petitioner urges that functional impairment to his speech caused by the cutting of his cheek muscles brings his injury out of § 23–1044 B(22) and into the unscheduled class. We agree with petitioner's assertion of law, but find that he failed in his burden of proof that any functional impairment resulted from the industrial injury. The award is amply supported in this regard by the written report of Dr. Wendell B. Whitacre:

On examination, the scar of the left cheek continues to mature uneventfully. He has a symmetrical smile, as noted previously, and he can whistle. He had no problem with his speech during the interview. He does have slight to moderate cosmetic facial disabilities from the

extensive scar. I feel that his complaints are real but I would anticipate that many of them would continue to ameliorate with time. He has no functional disability with the exception of the popping of the left T–M joint area with chewing on the left side.

In his second argument petitioner contends that his facial disfigurement award should have been unscheduled because he had previously suffered a scheduled industrial injury. The record shows that, as a result of the previous industrial accident, petitioner had been awarded compensation for a thirty-five percent scheduled disability to the left arm.

Arizona cases have established that, for purposes of A.R.S. § 23–1044 E,[1] a scheduled permanent partial disability, when considered with a prior industrially-related permanent partial scheduled injury, must result in an unscheduled award. *Ronquillo v. Industrial Commission*, 107 Ariz. 542, 490 P.2d 423 (1971).

Relying on *Milam v. Industrial Commission*, 12 Ariz.App. 308, 470 P.2d 113 (1970), the hearing officer determined that an award under A.R.S. § 23–1044 B(22) for facial disfigurement "is neither . . . unscheduled nor . . . scheduled," and entered a scheduled award.

In *Milam*, however, the issue was whether a claimant was entitled to scheduled rather than unscheduled awards for multiple simultaneous injuries which resulted in no loss of earning capacity. The court there was not called upon to analyze the question of whether a workman who suffers facial disfigurement should be allowed to include the effects of a prior scheduled injury in the determination of his earning capacity disability following the facial injury. The statement made in *Milam* that facial disfigurement is an injury "which is neither scheduled nor unscheduled" is of no aid in resolving this case.

 In *Scott v. Industrial Commission*, 11 Ariz.App. 20, 461 P.2d 499 (1969), a facial disfigurement case, we recognized that compensation for loss of earning capacity underlies all awards for industrial injuries. Therefore, a workman is entitled to have his prior scheduled disability considered when he suffers permanent facial disfigurement in a subsequent industrial accident. *Ronquillo*, A.R.S. § 23–1044 E. We hold that facial disfigurement under A.R.S. § 23–1044 B(22) must be treated as unscheduled when it occurs subsequent to an award of compensation for a previous scheduled industrial injury.

Since the hearing officer entered a scheduled award in this case, the award must be set aside.

EUBANK, P. J., and HAIRE, J., concur.

---

1. A.R.S. § 23–1044 E provides:

In case there is a previous disability, as the loss of one eye, one hand, one foot or otherwise, the percentage of disability for a subsequent injury shall be determined by comput-

ing the percentage of the entire disability and deducting therefrom the percentage of the previous disability as it existed at the time of the subsequent injury.