634 P.2d 981

**MARSH AVIATION OF MARANA, Petitioner-Employer,**

**and**

**State Compensation Fund, Petitioner-Carrier,**

v.

**The INDUSTRIAL COMMISSION OF ARIZONA, Respondent,**

**Evon C. R. Strom, Deceased, Respondent-Employee.**

No. 1 CA–IC 2364.

Court of Appeals of Arizona, Division 1, Department C.

Aug. 18, 1981.

Rehearing Denied Sept. 23, 1981.

Review Denied Oct. 14, 1981.

Robert K. Park, Chief Counsel, State Compensation Fund, Phoenix by George B. Morse, Tucson, for petitioners Employer and Carrier.

Calvin Harris, Chief Counsel, The Industrial Commission of Arizona, Phoenix, for respondent.

Rabinovitz & Dix, P. C. by Bernard I. Rabinovitz, Charles G. Rehling, III, Tucson, for respondent-employee.

## OPINION

FROEB, Judge.

The question raised on this Special Action—Industrial Commission is whether a claimant who was given an unscheduled award for permanent total disability arising out of multiple injuries is entitled to an additional award for facial disfigurement.

Evon Strom was a crop duster pilot employed by petitioner Marsh Aviation when his airplane crashed and burned in 1968. Strom received burns over forty to sixty percent of his body, particularly on and about the face. His claim for benefits was accepted by the Industrial Commission less than one month after the crash. Strom received treatment until his death in May 1977. In January 1977, prior to his death, the Industrial Commission had issued an award, pursuant to A.R.S. § 23–1045(A)(1), which granted him temporary total disability benefits for 100 months after the crash (the statutory maximum under prior law). The award also granted him permanent disability, pursuant to A.R.S. § 23–1045(B) and (D), allotting him sixty-five percent of his monthly wage for life. The findings, however, declared him not stationary.[1]

In March 1979, approximately two years after Strom's death, the personal representative of his estate filed a request with the Industrial Commission that it enter an award for benefits pursuant to A.R.S. § 23–1044(B)(22) for facial scarring of the decedent. Soon thereafter the Industrial Commission entered an award granting maximum benefits for the disfigurement and the State Compensation Fund filed a request for review. The hearing officer, acting as a referee (under the prior law),

---

1. Under Industrial Commission procedures, the effect of this finding and award was that the insurance carrier continued total disability benefits while the Special Fund of the Industrial Commission became responsible for the medical expenses.

recommended that compensation for facial disfigurement be awarded, relying upon *Milam v. Industrial Commission*, 12 Ariz.App. 308, 470 P.2d 113 (1970), for the proposition that an award for facial disfigurement may be allowed in addition to an award for unscheduled permanent partial disability. The Industrial Commission adopted the findings and made the recommended award. This special action followed.

The fundamental Arizona case discussing multiple injuries (including facial disfigurement) is *Ossic v. Verde Central Mines*, 46 Ariz. 176, 49 P.2d 396 (1935). In that case the Industrial Commission found that the claimant had three scheduled injuries and issued an award which, in effect, merely added up the statutory amounts for each scheduled injury. The supreme court vacated the award, stating:

> We hold therefore that the commission in computing and awarding compensation for the permanent disability which it found existed after petitioner's condition had become static should not have computed separately the various scheduled injuries and then added the amount of the compensation allowed for each separate injury, but should rather have computed the total percentage of disability as it existed as the result of all the separate injuries, and based its award upon that status. Whether so computed the award would have been in total amount greater or less than that which petitioner actually received, would depend upon what the evidence shows the total percentage of his disability amounts to.

46 Ariz. at 189–90, 49 P.2d 396.

The court specifically discussed facial disfigurement as an injury which should be considered with other injuries in computing the "total percentage of disability as it existed." [2] Disfigurement was specially discussed because, as the court noted, a facial disfigurement may not cause actual physical or mental disability, yet it may impair a claimant's ability to obtain employment. The court ruled that in such a case, when determining percentage of disability, the extent to which facial disfigurement deprives the claimant of the ability to obtain work should be considered. It is apparent, then, that *Ossic* stands for the proposition that facial disfigurement is treated the same as other scheduled injuries when the scheduled injuries are combined into an unscheduled award.

Consistent with *Ossic*, this court recently decided that facial disfigurement must be treated as unscheduled when it occurs subsequent to a previous scheduled injury. *Moreno v. Industrial Commission*, 122 Ariz. 298, 594 P.2d 552 (1979). As in the present case, the Industrial Commission relied upon *Milam v. Industrial Commission* for its authority that a facial disfigurement award does not come within the rule that it be treated as an unscheduled injury when combined with another scheduled injury. We rejected this argument in *Moreno* and we reject it in this case.

*Milam* did not deal with the issue before us. There the claimant contended that each of the multiple injuries sustained in an accident should be treated as scheduled rather than to treat all together as unscheduled. Facial disfigurement was one of the injuries. This court's decision upheld the award of the Industrial Commission which determined that the claimant's injuries were unscheduled and found no loss of earning capacity but nevertheless awarded compensation for the facial disfigurement. The

2. For example, facial disfigurement was one of the scheduled injuries specified in the statute and was collectively included:

> In subdivision (C) (§ 1438) there are some twenty-two specified injuries which are presumed to be permanent partial disability and for which a fixed compensation is provided. Of course, when the injury consists of one of the specified scheduled ones and of that alone, the commission is without jurisdiction to make an award on any different basis than that set forth in the statute . . . . [The legislature] has also recognized the undoubted fact that the actual loss of earning power occasioned by a combination of two or more separately scheduled injuries may be much greater than the amount reached by merely adding together the losses presumed to be caused by each of such injuries considered separately.

46 Ariz. at 187 88, 49 P.2d 396.

court stated the disfigurement award did not change the result because it could not be classified as either scheduled or unscheduled under A.R.S. § 23–1044(B). There was no issue raised in *Milam* concerning separate disfigurement compensation and it was unchallenged in that case. We therefore find that statements in the decision concerning the scheduled or unscheduled nature of a disfigurement injury are dicta and were unnecessary to the decision.

We conclude that *Moreno* is controlling. When facial disfigurement is among multiple injuries sustained in an industrial accident, it must be treated as unscheduled. It was therefore error for the Industrial Commission to enter an award for facial disfigurement in this case since compensation for permanent disability arising out of respondent's multiple injuries had already been awarded.

█ Respondent argues that the *Ossic* and *Moreno* rules do not apply here because of the finding in the permanent disability award dated January 25, 1977, that respondent's condition was not *stationary*.[3] He argues that because it is not possible for a permanent disability award to be made unless the condition of the claimant is stationary, it was, *in effect*, only a temporary award and the facial disfigurement award is the only permanent award. We reject this contention for the reason that the January 25, 1977, award is on its face an award for permanent disability and includes a finding of one hundred percent loss of earning capacity. The fact that it proceeds from a finding that the claimant was *not* stationary may reveal legal error but that does not prevent it from being a permanent award.

For the reasons set forth, we set aside the February 6, 1980, award of the Commission for facial disfigurement.

WREN, C. J., and O'CONNOR, J., concur.

**3.** This was, of course, an anomalous award since the condition of a claimant must be stationary in order for a permanent disability

award to be made. Nevertheless, it was not appealed and became final.