258 P.3d 271

**BRIDGESTONE RETAIL TIRE OPERATIONS, Petitioner Employer,**

**Old Republic Insurance Co./Sedgwick CMS, Petitioner Carrier,**

v.

**INDUSTRIAL COMMISSION OF ARIZONA, Respondent,**

**Carl Truelock, Respondent Employee.**

No. 1 CA–IC 10–0059.

Court of Appeals of Arizona, Division 1, Department A.

July 14, 2011.

454

Jardine, Baker, Hickman & Houston By Stephen C. Baker, Scott H. Houston, Phoenix, Attorneys for Petitioner Employer and Carrier.

Andrew Wade, Chief Counsel, The Industrial Commission of Arizona, Phoenix, Attorney for Respondent.

Terry F. Hall, Phoenix, Attorney for Respondent Employee.

## OPINION

DOWNIE, Judge.

¶ 1 Bridgestone Retail Tire Operations ("Bridgestone") and Old Republic Insurance Company/Sedgwick CMS (collectively, "petitioners") challenge the award of workers' compensation benefits to Carl Truelock. Petitioners contend an employee who loses teeth in an industrial accident must prove disfigurement in order to recover permanent partial disability benefits under Arizona Revised Statutes ("A.R.S.") section 23–1044(B)(22). We disagree and therefore affirm the award of benefits to Truelock.

### FACTS AND PROCEDURAL HISTORY

¶ 2 In 2004, Truelock was injured while working as a mechanic for Bridgestone. He hit his nose and mouth on the running board of a truck that was on a lift for an oil change. Truelock filed a workers' compensation claim that was accepted for benefits. He received extensive dental work, and his claim was closed with no permanent impairment. At Truelock's request, the carrier reopened his claim in 2008. Truelock underwent substantial additional dental treatment, including the replacement of all of his teeth with permanent implants. Truelock also received dentures that snap over the implants.

¶ 3 In December 2009, the carrier again closed the claim with no permanent impairment. Truelock challenged the closure, arguing, *inter alia,* he was entitled to compensation for the loss of his teeth. After a hearing, the Administrative Law Judge ("ALJ") denied Truelock's claim. Truelock filed a timely request for review. Upon review, the ALJ amended his earlier decision. Citing A.R.S. § 23–1044(B)(22), the ALJ ruled that Truelock was entitled to a scheduled permanent disability benefit in the

amount of fifty-five percent of his average monthly wage for eighteen months.

¶ 4 Petitioners timely sought review in this Court. We have jurisdiction pursuant to A.R.S. §§ 12–120.21(A)(2), 23–951(A), and Arizona Rules of Procedure for Special Actions 10.

## DISCUSSION

■ ¶ 5 The parties disagree about the proper interpretation of A.R.S. § 23–1044(B)(22), which reads:

B. Disability shall be deemed permanent partial disability if caused by any of the following specified injuries, and compensation of fifty-five per cent of the average monthly wage of the injured employee, in addition to the compensation for temporary total disability, shall be paid for the period given in the following schedule:

. . . .

22. *For permanent disfigurement about the head or face, which shall include injury to or loss of teeth,* the commission may, in accordance with the provisions of § 23–1047, allow such sum for compensation thereof as it deems just, in accordance with the proof submitted, for a period of not to exceed eighteen months.

(Emphasis added.)

¶ 6 According to petitioners, § 23–1044(B)(22) "does not state that compensation is payable even where there is no disfigurement." Truelock, on the other hand, contends that, "When teeth are lost as a result of an industrial injury, the injured worker is entitled to a scheduled award pursuant to A.R.S. § 23–1044(B)(22) without regard to whether there is permanent disfigurement."

¶ 7 In construing a statutory provision, we first consider the statute's language, as the best and most reliable index of the statute's meaning. *Zamora v. Reinstein,* 185 Ariz. 272, 275, 915 P.2d 1227, 1230 (1996). If the "language is clear and unambiguous, we apply it without resorting to other methods of statutory interpretation." *Hayes v. Cont'l*

*Ins. Co.,* 178 Ariz. 264, 268, 872 P.2d 668, 672 (1994).

¶ 8 Both proffered interpretations of § 23–1044(B)(22) are plausible. One could read the statute as requiring permanent disfigurement as a condition precedent for any award thereunder, as petitioners suggest. But the statute can also be read as carving out "injury to or loss of teeth" from the disfigurement requirement. *Cf. State v. Witwer,* 175 Ariz. 305, 308, 856 P.2d 1183, 1186 (App.1993) (holding that the word "includes" "is a term of enlargement" when used in a statute). To resolve the ambiguity, we turn to accepted tools of statutory construction, *see Hayes,* 178 Ariz. at 268, 872 P.2d at 672, beginning with the statute's legislative history.

¶ 9 Section 23–1044 has been revised substantially over the years. There is, however, limited legislative history relevant to subsection (B)(22). The language about compensation for permanent disfigurement and the loss of teeth was added over fifty years ago. *See* 1953 Ariz. Sess. Laws, ch. 55, § 1 (1st Reg. Sess.).

■ ¶ 10 When courts cannot ascertain the intent behind a particular legislative enactment, we attempt to interpret the statute in a manner that furthers the goals of the relevant body of legislation. *Hayes,* 178 Ariz. at 268, 872 P.2d at 672. The goal of Arizona's workers' compensation act is to ensure that injured employees "receive maximum available benefits." *Aitken v. Indus. Comm'n of Ariz.,* 183 Ariz. 387, 392, 904 P.2d 456, 461 (1995). The act is "remedial in character and is to be construed liberally." *S.H. Kress & Co. v. Indus. Comm'n,* 38 Ariz. 330, 337, 299 P. 1034, 1037 (1931).

¶ 11 It is significant that the Industrial Commission of Arizona ("ICA") has a long-standing and consistent policy of interpreting § 23–1044(B)(22) in the manner Truelock advocates.[1] Indeed, in amending his initial award denying benefits under § 23–1044(22), the ALJ cited the ICA guidelines, which he characterized as "provid[ing] that the full

1. At oral argument, counsel for petitioners stated that the ICA's interpretation has been applied for over twenty years.

eighteen month benefit is appropriate for the loss of all teeth."[2]

¶ 12 Although we resolve questions of statutory construction *de novo*, we give deference to an agency's interpretation and application of statutes that it implements. *See E. Vanguard Forex, Ltd. v. Ariz. Corp. Comm'n*, 206 Ariz. 399, 410, ¶ 35, 79 P.3d 86, 97 (App.2003); *see also Baca v. Ariz. Dep't of Econ. Sec.*, 191 Ariz. 43, 46, 951 P.2d 1235, 1238 (App.1998) (holding that judicial deference should be given to agencies charged with the responsibility of carrying out specific legislation); *Blake v. City of Phoenix*, 157 Ariz. 93, 96, 754 P.2d 1368, 1371 (App.1988) (same). Such deference is particularly appropriate when a statute is reasonably susceptible to differing interpretations.

¶ 13 The ICA's consistent position has been that a worker who loses teeth in an industrial accident is entitled to an award under § 23–1044(B)(22) based on the number of teeth lost, regardless of whether there is accompanying disfigurement. *See ICA Procedures Manual, Claims Div., Indust. Comm'n of Ariz.*, at 134 (1990), *reprinted in Ariz. Workers' Comp. Handbook*, at app. B. If a claimant suffers both facial disfigurement and lost teeth, the ICA awards benefits "on both the facial and loss of teeth." *Id.* at 136; *cf. Moreno v. Indus. Comm'n*, 122 Ariz. 298, 299, 594 P.2d 552, 553 (App.1979) ("[A]n injury which results in functional impairment other than *disfigurement or loss of teeth* does not fall within the plain language of paragraph 22.") (emphasis added).

¶ 14 If we were writing on a clean slate, we might conclude that petitioners' statutory interpretation is more reasonable, especially given the significant advances in dental technology that have occurred since the legislature added the language in question.[3] Ulti-

mately, however, the continuing wisdom of this longstanding statute is a policy matter for the legislative branch to consider.

### CONCLUSION

¶ 15 We affirm the award of benefits to Truelock. Petitioners' appeal was neither frivolous nor brought for purposes of delay. We thus deny Truelock's request for an award of attorneys' fees pursuant to Rule 25, Arizona Rules of Civil Appellate Procedure, and A.R.S. § 12–349.

CONCURRING: DIANE M. JOHNSEN, Presiding Judge and JON W. THOMPSON, Judge.

---

**2.** A different ALJ, who considered other aspects of Truelock's claim, opined that the loss of teeth would be compensable under § 23–1044(B)(22). In a January 2009 decision, ALJ Mosesso stated: Even though [Truelock] will have implants and dentures to replace the lost teeth, [Truelock] has, none-the-less, lost teeth due to the industrial injury and is entitled to a permanent impairment rating at the point of closure of the claim. The Industrial Commission Claim's Division, at the point of closure, should be referred [to] this file for a determination of the

number of months of disability for the loss of teeth pursuant to A.R.S. § 23–1044(B)(22) and as outlined on page 54 of the 2008 handbook.

**3.** There was testimony below, by a board-certified oral and maxillofacial surgeon, that Truelock has experienced a "positive impairment or whatever the opposite of that is, meaning that these teeth of his, he's been given a gift, and I'm sure his existing teeth prior to the injury were not in anywhere nearly as nice a shape as these are."