356 P.3d 319

**Michael A. WOESTMAN, Petitioner,**

**v.**

**The Honorable Andrew J. RUSSELL, Commissioner of the Superior Court of the State of Arizona, in and for the County of Maricopa, Respondent Commissioner,**

**Douglas A. Bryan; Joseph M. Boyle; Steven D. Keist, Real Parties in Interest.**

No. 1 CA–SA 15–0122.

Court of Appeals of Arizona, Division 1.

July 28, 2015.

Perry Childers Hanlon & Hudson, PLC By Christopher J. Bork, Gary L. Hudson, Phoenix, Counsel for Petitioner.

Steven D. Keist, PC By Steven D. Keist, Glendale, Counsel for Real Parties in Interest.

Presiding Judge RANDALL M. HOWE delivered the opinion of the Court, in which Judge ANDREW W. GOULD and Judge PETER B. SWANN joined.

## OPINION

HOWE, Judge:

¶ 1 In this petition for special action, Michael A. Woestman challenges the trial court's appointment of a conservator for Douglas A. Bryan. We accept jurisdiction because Woestman has no adequate remedy by appeal and the issue is one of first impression. Ariz. R.P. Spec. Act. 1(a); *Azore, LLC v. Bassett*, 236 Ariz. 424, 426 ¶ 2, 341 P.3d 466 (App.2014).

¶ 2 Woestman contends that the trial court (1) does not have jurisdiction to appoint a conservator because Bryan does not have a significant connection to Arizona under A.R.S. § 14–12203 and (2) did not have suffi-cient grounds to appoint Bryan a conservator under A.R.S. § 14–5401(A)(2). But because Bryan has a significant connection to Arizona and his whereabouts are unknown, the court properly exercised its jurisdiction in appointing a conservator for Bryan. Accordingly, we deny relief.

## FACTS AND PROCEDURAL HISTORY

¶ 3 In November 2012, Woestman struck Bryan with his car. Bryan subsequently retained an attorney to sue Woestman for personal injury. After filing suit, Bryan's attorney moved to appoint Bryan a guardian ad litem ("GAL") because he was concerned that Bryan was unable to make decisions about his case. The court appointed Bryan a GAL.

¶ 4 During the course of the litigation, the GAL could not locate Bryan. Consequently, the GAL moved to appoint a conservator for Bryan. Woestman objected, arguing that (1) the trial court lacked personal jurisdiction over Bryan; (2) Bryan could not be served with notice of the conservatorship proceeding; (3) a court investigator could not interview Bryan pursuant to A.R.S. § 14–5407(B) and therefore no psychological evaluation could occur; and (4) the GAL had failed to prove Bryan's "disappearance" element under the conservatorship statutes. The GAL contended, however, that Woestman could not object to the appointment of a conservator because Woestman was not an "interested person" under A.R.S. § 14–1201(28).

¶ 5 The trial court found that Woestman was an "interested person" under A.R.S. § 14–1201(28) because Woestman may have a claim against Bryan for taxable costs if Woestman prevails in the underlying lawsuit. The court also found that it had jurisdiction to appoint a conservator because Bryan had a significant connection to Arizona and Bryan did not have a "home state." The court reasoned that Bryan had a significant connection to Arizona because he was involved in a car accident in Arizona, received medical treatment in Arizona, and retained an attorney to sue Woestman in Maricopa County Superior Court in Arizona. The court further reasoned that Bryan had been declared incompetent in an unrelated criminal proceeding in Maricopa County Superior Court

and has a sister that resides in Maricopa County. The court therefore concluded that appointing a conservator was warranted because Bryan had disappeared and was consequently unable to manage his estate and affairs.

## DISCUSSION

¶ 6 Woestman first argues that the trial court lacked jurisdiction to appoint a conservator because Bryan had no significant connection to Arizona under A.R.S. § 14–12201(A)(3). We review de novo issues of statutory interpretation, *BMO Harris Bank, N.A., v. Wildwood Creek Ranch, LLC*, 236 Ariz. 363, 365 ¶ 7, 340 P.3d 1071, 1073 (2015), but defer to the trial court's factual findings unless they are clearly erroneous, *State v. Forde*, 233 Ariz. 543, 556 ¶ 28, 315 P.3d 1200, 1213 (2014).

¶ 7 Under A.R.S. §§ 14–12201 and 14–12203, an Arizona court can exercise jurisdiction to appoint a conservator for a person if Arizona is the person's "home state," or, if the person has no "home state," Arizona is the person's "significant-connection state." "Home state" means

> [T]he state in which the respondent was physically present, including any period of temporary absence, for at least six consecutive months immediately before the filing of a petition … or, if none, the state in which the respondent was physically present, including any period of temporary absence, for at least six consecutive months ending within the six months before the filing of the petition.

A.R.S. § 14–12201(A)(2). "Significant-connection state" means "a state, other than the home state, with which respondent has a significant connection other than mere physical presence and which substantial evidence concerning the respondent is available." A.R.S. § 14–12201(A)(3).

¶ 8 The trial court properly exercised its jurisdiction because Bryan has no "home state" and has a significant connection to Arizona. First, the record shows that Bryan has no "home state." He has not been physically present in any state in the six months preceding his GAL's petition to appoint him

a conservator. As Woestman acknowledges, Bryan has claimed to be from Montana, provided police addresses in three different states, and has a criminal history involving offenses in six different states. Second, the record shows that Bryan has a significant connection to Arizona. Bryan was involved in a car accident here, retained an attorney here, and has a sister that resides in a county here. Accordingly, the trial court had jurisdiction to appoint Bryan a conservator.

¶ 9 Woestman next argues that the trial court erred in appointing a conservator because no evidence showed that Bryan had disappeared. Under A.R.S. § 14–5401(A)(2), the trial court may appoint a conservator if the person is unable to manage his estate and affairs "for reasons such as mental illness … or disappearance" and has property that will be wasted or dissipated without proper management. Woestman contends that the GAL's inability to locate Bryan does not mean that Bryan has "disappeared" for purposes of A.R.S. § 14–5401(A)(2).

¶ 10 The conservatorship statute does not define "disappearance." When construing statutes, however, we give words their ordinary meaning unless context requires otherwise and consider respected dictionaries to determine that meaning. *Bulk Transp. v. Industrial Comm'n*, 232 Ariz. 218, 220 ¶ 8, 303 P.3d 529, 531 (App.2013). "Disappearance" means "the act or an instance of disappearing: removal from sight: vanishing." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 643 (2002). "Disappear" means "1: to cease to appear or to be perceived …; 2: to cease to be …: become lost …: <he ~ed without a trace." *Id.* Under these definitions, the trial court had reason to find that Bryan had disappeared. Woestman acknowledges that Bryan is a mentally ill homeless person who left Arizona after he recovered from his injuries and has not been back since September 2013. Under these facts, Bryan is indeed "removed from sight"; he has "vanished," "ceased to appear or to be perceived," and "become lost." To use the dictionary's example, he has "disappeared without a trace." The evidence satisfied the statute.

¶ 11 Woestman nevertheless argues that "disappearance" should not be so broadly

defined and should require proof that the person's whereabouts are unknown to the person who would be most likely to know the person's whereabouts. His only authority for that proposition is the definition of "disappeared person" from Black's Law Dictionary (9th ed.2009), which has that additional requirement. But A.R.S. § 14–5401(A)(2) does not use that specific term, which has a particular meaning not relevant to the statute. "Disappeared person," in the context provided in the dictionary's definition, concerns determining whether a person remains alive. *See* BLACK'S LAW DICTIONARY 529 (referencing "seven-years' absence rule" and "missing person"). Here, however, the statute requires mere "disappearance" and addresses preserving a person's property until he is found or returns. Moreover, because the statute's purpose is to preserve property, whether individuals unknown to the court know of the person's whereabouts does not diminish the court's duty to appoint a conservator. "Disappearance" has an ordinary dictionary definition that serves the statute's purpose, and nothing is gained in achieving that purpose by restricting its definition.

¶ 12 Bryan had property in the form of a cause of action against Woestman. Because Bryan had a significant connection to Arizona and had disappeared from the state, the trial court properly exercised its jurisdiction to appoint a conservator to preserve that property until Bryan could be located.

### CONCLUSION

¶ 13 For the foregoing reasons, we accept jurisdiction, but deny relief.